NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2011[*]
Decided October 20, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1406

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 28-1 |
| ERNEST JONES, *Defendant-Appellant*. | James B. Zagel, *Judge*. |

**O R D E R**

Ernest Jones appeals the 220-month sentence he received after pleading guilty to conspiracy to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). Jones was sentenced after passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, but he committed the crime before that date. The new legislation increased the amounts of crack

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

needed to trigger enhanced penalties under § 841(b)(1), and on appeal Jones principally argues that these statutory changes should have governed his sentencing. We have already concluded, however, that the new legislation does not apply to preenactment conduct. *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011); *see United States v. Campbell*, No. 10-3002, 2011 WL 4436001, at *1 (7th Cir. Sept. 26, 2011); *United States v. Holcomb*, No. 11-1558, 2011 WL 3795170 (7th Cir. Aug. 24, 2011). Jones acknowledges this precedent but presses his contention to preserve it for further review.

Jones also contends that, if the Fair Sentencing Act is not going to be applied to preenactment conduct, then we should remand for resentencing with instructions to "apply a downward departure to reflect the manifest unfairness" which, Jones says, results from some defendants benefitting from the new law and some not. But there are two problems with this contention, the first of them legal: As we explained in *United States v. Speed*, "'discrepancies among persons who committed similar crimes are inescapable whenever Congress raises or lowers the penalties for an offense.'" No. 10-1532, 2011 WL 3890454, at *5 (7th Cir. Sept. 6, 2011) (quoting *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011)).

The second problem for Jones is factual. At his sentencing, the district court calculated a guidelines imprisonment range of 262 to 327 months but was told by the parties that Jones' range would have decreased to 188 to 235 months if the Fair Sentencing Act had applied. (Jones, whose conspiracy involved 111 grams of crack, was sentenced as a career offender, *see* U.S.S.G. § 4B1.1, so his base offense level was tied to the maximum term of imprisonment. The new statute, if retroactive, would have lowered the maximum from life imprisonment to 40 years, *compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2006 & Supp. III 2009) *with id.* § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010), which in turn would have reduced the base offense level by 3 levels, *see* U.S.S.G. § 4B1.1(b).) Although the court emphasized that Congress had not "mandated" retroactive application of the Fair Sentencing Act, the court still sentenced Jones within the significantly lower guidelines range that would have resulted under the new statute. Thus, Jones already received everything he is asking for.

AFFIRMED.